IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WALTER ANTONIO ZACARIAS-SALDANA, | : : : | |
| Plaintiff. | : : | NO. 4:17-cv-00106-CDL-MSH |
| VS. | : : | |
| CORE CIVIC, | : : | |
| Defendant. | : : | |

## ORDER

Plaintiff Walter Antonio Zacarias-Saldana, an immigration detainee confined at Stewart Detention Center, has filed a 42 U.S.C. § 1983 civil rights action (ECF No. 1), a motion to proceed *in forma pauperis* (ECF No. 6), and a motion for protective order (ECF No. 2). Upon review of Plaintiff's motion to proceed *in forma pauperis*, the Court finds that Plaintiff is unable to prepay the Court's filing fee. Accordingly, Plaintiff's motion to proceed IFP (ECF No. 6) is **GRANTED**. However, Plaintiff has failed to state a claim and his complaint is hereby **DISMISSED without prejudice**.

I.     **Standard for Preliminary Review of Plaintiff's Complaint**

Because Plaintiff proceeds *in forma pauperis* in this action, his complaint is subject to screening under 28 U.S.C. § 1915(e) which requires a district court to dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be

granted.[1]  When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor.  *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004) (stating that allegations in the complaint must be viewed as true).  *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* compliant is thus "liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  The district court, however, cannot allow a plaintiff to proceed with frivolous, conclusory, or speculative claims.  As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged.  *See* § 1915(e).

To state a viable claim, the complaint must include enough factual matter to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  There must also be "enough fact to raise a reasonable expectation that discovery will reveal evidence" to prove the claim.  *Id.* at 556.  The claims cannot be speculative or based solely on beliefs or suspicions; each claim must be supported by allegations of relevant and discoverable fact.  *Id*.  Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to

---

[1] The Eleventh Circuit determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002).

survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Twombly*, 550 U.S. at 555). Claims without "an arguable basis either in law or in fact" will be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (noting that claims are frivolous if they are "clearly baseless" or are based on an "indisputably meritless" legal theory).

**II.     Discussion**

Plaintiff alleges that Officer Gluster, a Core Civic officer working at Stewart Detention Center, slammed a door on Plaintiff's left hand and injured it. Pl.'s Aff., ECF No. 1 at 7; Social Worker Report, Dec. 16, 2016, ECF No. 1-1 at 6. According to Plaintiff's medical records that were attached to the Complaint, Plaintiff suffered "slight swelling" and tenderness and was prescribed ibuprofen, an "ace wrap," and "ice several times daily." Medical Report Dec. 15, 2016, ECF No. 1-1 at 2; Medical Report Dec. 16, 2016, ECF No. 1-1 at 3. Plaintiff also named as Defendants "Chief Blackmoon" and "U/M Lane," but he did not allege any facts regarding their involvement in the incident.

Although Plaintiff submitted his claim on the Court's standard questionnaire for prisoners proceeding *pro se* under 42 U.S.C. § 1983, Plaintiff is a federal detainee seeking relief for alleged constitutional violations perpetrated by individuals and entities acting under color of federal law. Therefore, his complaint will be construed as an action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (per

3

curiam) ("A [Section] 1983 suit challenges the constitutionality of the action of state officials; a *Bivens* suit challenges the constitutionality of the actions of federal officials.").

In *Bivens*, the United States Supreme Court established the availability of "a cause of action against federal officials in their individual capacities for violations of federal constitutional rights." *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (per curiam). "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Abella*, 63 F.3d at 1065 (quoting *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir.1980)). The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71 (2001). But the Supreme Court "has 'consistently refused to extend Bivens to any new context or new category of defendants.'" *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quoting *Malesko*, 534 U.S. at 68) (listing cases where the Supreme Court declined to expand the *Bivens* remedy). Because *Bivens* is concerned with deterring individual federal officers, it does not apply to federal officers in their official capacities, it does not apply to federal agencies, and it does not apply to corporate entities acting under color of federal law. *Malesko*, 534 U.S. at 67, 69, 73-74.

Plaintiff states that he wishes to hold liable Core Civic, the private corporate entity that operates Stewart Detention Center, "through their officer." Compl. 1. To the extent that this means Plaintiff wishes to sue Core Civic or the remaining Defendants in their official capacities, *Bivens* is not applicable and Plaintiff has failed to state a claim. *See*

4

*Malesko*, 534 U.S. at 73-74 (declining to extend *Bivens* to Eighth Amendment Claims against a private prison corporation).

Plaintiff also does not have a viable *Bivens* claim to the extent that his complaint can be liberally construed as bringing suit against Defendants Gluster, Blackmoon, and Lane in their individual capacities. These Defendants are private individuals, not federal officers, and *Bivens* does not create a cause of action against "privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law. " *Minneci v. Pollard*, 565 U.S. 118, 130 (2012). Here, Plaintiff complains that Officer Gluster slammed a door on his hand and injured him. This conduct is of a kind that typically falls within the scope of traditional state tort law; Georgia law provides causes of action for battery and negligence. Accordingly, Plaintiff cannot proceed against Defendants Gluster, Blackmoon, and Lane in their individual capacities under *Bivens*. *See, e.g,. Crosby v. Martin*, 502 F. App'x 733, 735 (10th Cir. 2012) (affirming district court's dismissal under 28 U.S.C. § 1915(e) of Eighth Amendment *Bivens* claim against private prison company employees); *Ruiz v. Fed. Bureau of Prisons,* 481 F. App'x 738, 740-41 (3d Cir. 2012) (per curiam) (finding no *Bivens* cause of action for Eighth Amendment claim against private prison employees). Instead, he must seek a remedy under state tort law. *See Minneci*, 565 U.S. at 131.

### III. Conclusion

As discussed above, Plaintiff failed to state a claim upon which relief may be granted and this action is **DISMISSED without prejudice**. Plaintiff's motion for protective order is **DENIED as moot**.

**SO ORDERED**, this 8th day of September, 2017.

s/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA